■ In the Matter of FRANK J. GIAQUINTO, Petitioner, v. MICHAEL J. MURPHY, as Police Commissioner of the City of New York, Respondent.— Determination of the Police Commissioner dated February 16, 1961 dismissing petitioner from the Police Department, unanimously modified, on the law, on the facts and in the exercise of discretion, by annulling Charge 4 in Case No. 33169 (no entry in memorandum book of absence from post) and remitting the matter to the respondent for the imposition of disciplinary measures consistent therewith, and, as so modified, confirmed, without costs. There was insufficient evidence to sustain the charge that the petitioner failed to make an entry in his memorandum book. His obligation was to make an entry as soon as circumstances would permit. The fact is that he did make the entry shortly after he left the premises. Concur — Breitel, J. P., Rabin, McNally, Stevens and Witmer, JJ.

■ BEOL, INC., on Behalf of Itself and Other Judgment Creditors Similarly Situated, Appellant, v. HERMAN S. DORF et al., Respondents.— Order, entered on September 24, 1963, referring the issues — upon the application by a trustee in bankruptcy to vacate a judgment — to hear and report thereon to a Special Referee who had theretofore been designated by order of June 20, 1962, upon a similar application made by defendant Herman Dorf — against whom the judgment was obtained — and directing that the two proceedings before the Referee be consolidated so that the Referee's report cover both proceedings, unanimously affirmed, without costs. The issues to be reported on by the Referee are practically identical in both motions, and the record demonstrates that the extensive testimony in regard to the prior motion has been completed before the Referee. The injection of the trustee in bankruptcy into the case can make no difference in the ultimate determination of the propriety of vacating the judgment. Nevertheless, since the bankruptcy court has given the trustee permission to apply for the relief and plausible representations have been made that the hearings before the Referee will not be extended unduly by the consolidation of the references, the disposition of Special Term herein will be affirmed. Our affirmance, however, is no indication of any opinion as to the merits of the application or even that the trustee is entitled to any relief. Only after the coming in of the Referee's report and Special Term's disposition of the motions thereon can the merits properly be considered. Concur — Botein, P. J., Valente, Stevens, Eager and Steuer, JJ.